**PHILIP J. KAPLAN (State Bar No. 135735)**
**philipkaplanlaw@gmail.com**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Blvd., Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981
Facsimile: (213) 480-8941


Attorneys for Plaintiff
PAUL LOZADA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PAUL LOZADA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a Municipal entity; ROBERT CRAFT, Chief of Police for CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPT., in his individual and official capacities; CALIFORNIA EXPOSITION & STATE FAIR, a component unit of the State of California, LEEANDRA MARCHESE, in her individual and official capacities; JIM BROWN, Chief of Police for FULTON EL CAMINO PARK DISTRICT POLICE DEPARTMENT; and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECT. 1983 (FREE SPEECH RETALIATION); DISCRIMINATION (RACE/AGE); RETALIATION; INTENTIONAL INTERFERENCE WITH CONTRACT; AND CONSTRUCTIVE TERMINATION** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Paul Lozada ("SERGEANT LOZADA") (hereinafter "SERGEANT LOZADA" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1.    Plaintiff alleges that defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT (hereinafter sometimes "SHERIFF'S DEPT.") is, and at all material times was, a Municipal entity, providing, among other things, oversight over the FULTON EL CAMINO PARK POLICE DEPT. (hereinafter sometimes "FULTON EL CAMINO P.D.") and allows Sworn Police Officers employed by their agency to maintain Secondary Employment as Seasonal Police Officers with the CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPT. (hereinafter sometimes "DEPARTMENT").

2.    Plaintiff is informed and believes and thereon alleges that defendant ROBERT CRAFT (hereinafter sometimes "CRAFT") is, and at all relevant times was, a policy-making official of the DEPARTMENT, holding the rank and title of "Chief of Police".  Defendant CRAFT is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding personnel transfers and/or reassignments of individual police officers employed by the DEPARTMENT. Defendant CRAFT is sued herein in both his official and individual capacity.

3.    Plaintiff alleges that defendant CALIFORNIA EXPOSITION & STATE FAIR is a component unit of the State of California.

4.    Plaintiff is informed and believes and thereon alleges that defendant LEEANDRA MARCHESE (hereinafter sometimes "MARCHESE") is, and at all relevant times was, a policy-making official of the SHERIFF'S DEPT., holding the rank and title of "Captain" and a Supervisor, holding the rank of "Sergeant" with DEPARTMENT.  Defendant MARCHESE is sued herein in both her official and individual capacities within both entities.

5.    Plaintiff is informed and believes and thereon alleges that defendant JIM BROWN (hereinafter sometimes "BROWN") is, and at all relevant times was, a policy-making official of the FULTON EL CAMINO

-2-

PARK DISTRICT POLICE DEPARTMNT (hereinafter sometimes "FULTON EL CAMINO P.D."), holding the rank and title of "Chief of Police". The FULTON EL CAMINO P.D. is and at all material times was, a Municipal entity governed by the FULTON EL CAMINO RECREATION and PARK DISTRICT operating under the authority of the Public Resources Code Section 5780, within the County of Sacramento. The Board of Directors employs a General Manager, who in turns hires the Chief of Police. Defendant BROWN is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding personnel transfers and/or reassignments of individual police officers employed by the FULTON EL CAMINO P.D. Defendant BROWN is sued herein in both his official and individual capacity.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 5, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged were proximately and legally caused by the Defendants' conduct. At all times material herein, each Defendant was the agent, servant and employee of each of the remaining Defendants, and acting within the purpose, scope and course of said Agency, service and employment, with the express and/or implied knowledge, permission and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of Defendants.

## JURISDICTION/VENUE

7.      Jurisdiction of this court if founded upon 42 U.S.C. Section 1983 and 42 U.S.C. Section 2000e. This court has pendent jurisdiction over the California State law claims, pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1400(a), because the defendants or their agents reside

or may be found within this district and because defendants transact business, including the alleged tortious acts, within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     Plaintiff SERGEANT LOZADA has exhausted his administrative remedies by timely filing charges with the DFEH and by submitting claims pursuant to California Government Code Section 912 et seq.. On or about August 13, 2017, the DFEH issued a right-to-sue notice, a redacted copy of which is annexed hereto as Exhibit "A."

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.     On or about August 21, 2009, SERGEANT LOZADA commenced his employment with DEPARTMENT.  Initially, SERGEANT LOZADA was assigned to the Flex Team which held the responsibility of Uniform Gang Enforcement during the State Fair.  SERGEANT LOZADA was subsequently assigned to the Intelligence/Gang Suppression Unit in 2012. Before his employment with DEPARTMENT, SERGEANT LOZADA had been employed by the San Francisco Police Department for approximately twenty- one years and four months.  During his employment with the San Francisco Police Department, SERGEANT LOZADA developed extensive experience combating gang activities and had been awarded ten (10) medals of valor, five (5) Meritorious Conduct awards, fifteen (15) Police Commission Commendations, five (5) Unit Citations, three hundred plus (300) Captain's Commendations, among other commendations and awards.

10.     SERGEANT LOZADA is of Filipino descent.  He is 54 years old.

11.     SERGEANT LOZADA'S wife, Plaintiff Shannon Lozada, is mixed race, including Korean.

12.     At all material times, during SERGEANT LOZADA'S work with the Intelligence/Gang Suppression Unit ("Gang Unit"), Plaintiff Shannon Lozada alleges that she had been, specifically, authorized by Chief CRAFT to, among other things, conduct pre-event intelligence, reconnaissance, undercover

-4-

investigations, inter-agency assistance to other law enforcement agencies, as well as presenting "Power-points" regarding Risk Management Issues and Gang Activity at both the State Fair and HMONG NEW YEAR– all as part of her responsibilities as an Administrative Analyst, in addition to being a part of the State Fair's well-recognized Walk-Along Program.  In the spring of 2015, Chief CRAFT issued SHANNON a California Exposition and State Fair Police Identification Card identifying her as a NON-SWORN ADMINSTRATIVE ANALYST with an expiration date of 10/10/2018.

## CRITICISM OF THE DEPARTMENT RE: FAILURE TO HIRE AND PROMOTE NON-WHITE OFFICERS

13.     Plaintiff alleges that, during the past two (2) years, that highly qualified peace officers of various ethnicities, including Asians, Pacific Islanders, Latinos, and African American, (non-white) were not being hired by DEPARTMENT, for no apparent reason.  Despite staffing of over three hundred (300) peace officers on a part time basis during State Fair and other events at Cal Expo, Plaintiff alleges that the DEPARTMENT has been understaffed and that this has, among other things, compromised the safety of patrons of the State Fair, as well as the welfare and safety of fellow peace officers.  Plaintiff further alleges, on information and belief, that the CEO (Rick Pickering) of the California Exposition and State Fair (hereinafter sometimes "CAL EXPO") was made well aware of these risk managements by CRAFT and SERGEANT LOZADA over the course of the past State Fairs.

14.     During the past year, SERGEANT LOZADA was openly critical about the above loss of qualified, non-white officers and the failure of the DEPARTMENT to hire qualified, non-white peace officers.  Plaintiff alleges that individuals (non-white) to this date (2 years since filing application) are still being processed to become Seasonal Police Officers with the DEPARTMENT, while other "Caucasian" applicants are being processed and hired quickly.

## CRITICISMS OF COMMAND STAFF RE: LACK OF PROPER COORDINATION BETWEEN UNIFORMED AND GANG UNIT OFFICERS/A MATTER OF PUBLIC CONCERN

15.    On July 11, 2017, SERGEANT LOZADA delivered a memorandum to CRAFT that LOZADA authored.  SERGEANT LOZADA alleges that he prepared the memorandum in his capacity as a private citizen rather than as a public employee.  SERGEANT LOZADA alleges that, in preparing the memorandum, he was *not* acting within the scope of his professional duties, that his communications were *not* confined to his chain of command, and that his speech was in direct contravention to his supervisor's orders.

16.    Among other issues addressed in the above memorandum, SERGEANT LOZADA criticized CRAFT and DEPARTMENT'S Command Staff for policies and procedures, which included the requirement that members of the Gang Unit make physical contact with criminal suspects, as opposed to uniformed officers.  Further SERGEANT LOZADA stated in his memorandum that unprofessional and unsupportive rhetoric and subterfuge by Command Staff toward members of the Gang Unit were weakening the structure of the DEPARTMENT.  In SERGEANT LOZADA'S view, the policy concerning contact officers vs. surveillance "burned" the Gang Unit's undercover status and made them ineffective to conduct further surveillance. SERGEANT LOZADA also noted that there was a "shortage of Police Personnel" and that this, together with a flawed protocol imposed by CRAFT and his Command Staff concerning how uniformed and plain clothes Gang Unit officers should coordinate, placed officers at risk as well as "hundreds of thousands visitors . . . ." SERGEANT LOZADA stated in his memorandum: "It is the obligation of all Cal Expo Police Staff to commit to the goal of Safety for all Police Officers, Staff, and Public."

## **RETALIATION**

17.     On or about July 11, 2017, and after delivery of the above memorandum, at a meeting attended by approximately thirty-six (36) officers, Command and Executive Staff, Defendant MARCHESE spoke to the group. In particular, SERGEANT LOZADA, who was present, alleges that he was singled out by MARCHESE.  SERGEANT LOZADA alleges that MARCHESE accused SERGEANT LOZADA of falsifying a Memorandum (not the memorandum above).  In essence, Plaintiffs allege that MARCHESE was telling the group comprised of SERGEANT LOZADA'S colleagues, fellow peace officers/Command Staff and Administration/Executive Staff (Civilians) that SERGEANT LOZADA was dishonest.  Upon the completion of the above meeting, SERGEANT LOZADA implored CRAFT to assign him to Uniform Duty/Function during the State Fair to avoid further conflict with MARCHESE due to her creating a hostile work environment.  CRAFT made no effort to quell this hostile work environment created by MARCHESE at its earliest stage and kept SERGEANT LOZADA assigned to the Gang Suppression Unit as a means to punish him for making the complaint.

18.     On the second night of the State Fair, July 15, 2017, and in further response to SERGEANT LOZADA'S (07/11/2017) memorandum, Plaintiffs allege that MARCHESE utilized a ploy to verbally assault, harass, slander and antagonize SERGEANT LOZADA in the presence of two other Cal Expo Police Officers, under the direction of CRAFT. The ploy consisted of MARCHESE advising SERGEANT LOZADA'S partner FRANK SPINO that she needed to talk with "both of them" about the State Fair.  MARCHESE entered the room in the company of Sgt. DARRELL MARTIN, whom she stated was there to act as a witness on her behalf.  At no time did MARCHESE direct any of her aggressions of issues at SERGEANT LOZADA's partner FRANK SPINO (who happens to be Caucasian and works hand in hand with SERGEANT LOZADA in the preparation of memoranda to CRAFT).  Immediately, SERGEANT LOZADA recognized MARCHESE's actions as

-7-

being retaliatory in nature.  LOZADA advised MARCHESE that he did not want to have this conversation with her.  In response, MARCHESE exuded her authority as a "CAPTAIN" with the SHERIFF'S DEPARTMENT and, specifically, restricted SERGEANT LOZADA from leaving the room, forcing him to be subjected to MARCHESE'S discriminatory and slanderous acts.  The following statements are amongst a number of slanderous statements made by MARCHESE to SERGEANT LOZADA during this meeting; "You will stay in here and listen to me.  I'm your supervisor here and everywhere else!  All the stuff you have been doing has no nexus to State Fair.  Writing those memos with no nexus to Cal Expo is exposing it to liability.  Like I said, I made sure you have been blacklisted from Sac PD, SSD, as well as others in the area.  Why were you at the monthly DA Gang meeting? You weren't invited.  You have been utilizing CLETS [California Law Enforcement Telecommunications System] to access confidential records and have allowed your wife to view these documents which are a violation.  You have been utilizing CLETS to access criminal histories of persons with no nexus to State Fair. You know, you've been given a golden opportunity getting hired here when nobody wanted to touch you.  And now you are blacklisted everywhere.  I have talked with a number of people about you.  From now on, you will do as I tell you.  Today, you will stay positioned at the Main Gate to monitor activity.  You will no longer be driving a vehicle around State Fair making traffic stops like a Hollywood movie."

19.     In this same meeting, MARCHESE made slanderous and derogatory statements concerning SHANNON LOZADA (who was not present at the time) and in the presence of FRANK SPINO and DARRELL MARTIN. MARCHESE stated, among other things, that SHANNON LOZADA had misrepresented her status with the DEPARTMENT and had never been authorized to perform any duties with the DEPARTMENT.  Here, as well, Plaintiffs allege that MARCHESE was accusing SHANNON LOZADA of falsely passing herself off as an Investigator or as someone who was clothed

with lawful authority to perform specific duties for the DEPARTMENT, in addition to conducting herself as an employee with the DEPARTMENT during State Fair and other events.  MARCHESE further stated that SHANNON LOZADA was blacklisted, as well, from these same agencies.

20.     On this second night of the Fair, on July 15 '17, and in further response to SERGEANT LOZADA'S memorandum, SERGEANT LOZADA was reassigned from the Gang Unit by MARCHESE to a post where SERGEANT LOZADA was required to stand guard at the front entrance, with his partner.  SERGEANT LOZADA alleges that this reassignment was clearly punitive and a demotion from his previous position with the Gang Unit.

21.     On 07/10/2017, SERGEANT LOZADA was hired by the Fulton El Camino Park Police Department initially as a Police Officer, then upon completion of orientation and field training, to the position of Police Lieutenant. The Fulton El Camino Park Police Department is their own Law Enforcement entity, working under the auspices of the SHERIFF'S DEPT. SERGEANT LOZADA'S official start date was to commence on 08/06/2017. On or about 08/01/2017, at the instruction of CHIEF JIM BROWN, SERGEANT LOZADA filled out a SHERIFF'S DEPARTMENT Building Security Badge Request Form which was approved by CAPTAIN KRISTOPHER CARROLL and signed off by LIEUTENANT DUTRA. On 08/04/2017, SERGEANT LOZADA reported to the SHERIFF'S DEPARTMENT ID Section and was provided with a PROXY CARD with Picture ID, allowing him access into SHERIFF'S DEPARTMENT buildings. SERGEANT LOZADA reported to duty the following Sunday as assigned.  At this point, Plaintiff alleges, it did not appear that MARCHESE had contacted the aforementioned employees of the SHERIFF'S DEPARTMENT to prevent SERGEANT LOZADA from being processed through their Id Section for clearance.  Based on the issuance of a SHERIFF'S DEPARTMENT PROXY CARD to SERGEANT LOZADA, it appears that no Red Flags were in existence at the time within the SHERIFF'S DEPARTMENT SYSTEM.

SERGEANT LOZADA again worked on 08/11/2017 and then reported for FIREARMS QUALIFICATION on 08/12/2017.

22.     On 08/12/2017, in the early evening hours, SERGEANT LOZADA was contacted by acting supervisor SGT. ISAIAH PATTERSON of FULTON EL CAMINO P.D. SERGEANT LOZADA was advised that his "Orientation Process" would be placed on hold and that he could not work anymore hours with their agency.   The reason given to SERGEANT LOZADA was because FULTON EL CAMINO P.D. had been contacted by SHERIFF'S DEPARTMENT that afternoon and advised that SERGEANT LOZADA'S application for access to KPF and CLETS was denied as a result of statements and actions of CRAFT and MARCHESE.

23.     Due to BROWN's absence from FULTON EL CAMINO P.D. for family issues, SERGEANT LOZADA was unable to make contact with him at this time to discuss the issue with his application for KPF Access. On 08/28/2017, SERGEANT LOZADA called BROWN, who in turn advised that SERGEANT LOZADA would be assigned Administration duties with SGT. THOMAS TOM, because they needed to get their Personnel Files in order for POST (Commission on Peace Officers Standard and Training). BROWN further instructed SERGEANT LOZADA to report for work on 09/01/2017 at the main office.

24.     On 09/01/2017, SERGEANT LOZADA arrived at work as assigned.  BROWN advised him that the SHERIFF'S DEPARTMENT had refused to accept and approve SERGEANT LOZADA'S application for access to their Web-based Data-base and CLETS. BROWN further stated that because they worked under the auspices of SHERIFF'S DEPARTMENT, having SERGEANT LOZADA'S name on their roster would cause an issue, thus he was requesting that SERGEANT LOZADA prepare a resignation letter. BROWN further advised SERGEANT LOZADA that a meeting he had with the BOARD OF DIRECTORS of the FULTON EL CAMINO RECREATION and PARK DISTRICT solidified this decision.  Plaintiff alleges that the above

-10-

instruction by BROWN was in total contradiction to his previous statement made to SERGEANT LOZADA on 08//28/2017.

## NEWS ARTICLES REGARDING VIOLENCE AT THE FAIR

25. On Friday, July 14 '17, approximately three (3) days after SERGEANT LOZADA'S critical memorandum and the above meeting, the Fair opened. Several days later, on July 17th, an article was published in the Sacramento Bee entitled "Three People Arrested After Opening Night Brawl At The California State Fair."

26. According to the above article, violence at the Fair required an earlier closing of festivities. The violence included a serious injury (broken leg) sustained by an officer. The information provided to the press was in fact false and, in Plaintiffs' view, intentionally underreported by the DEPARTMENT. *Numerous* violent acts, in fact, took place during the opening night which required dozens of disruptive groups and/or individuals being physically ejected from the property. For example, on the last night, gang members were arrested and found in possession of loaded firearms, exiting from State Fair's parking lot. What the public did not know was that things could have been far worse – perhaps, a bloodbath had been averted.

27. Thereafter, on July 27 '17, a further article in the Sacramento Bee was published entitled "Are You Safe From Crime At The California State Fair?  Here's Whey We Don't Know." Among other issues, the article stated that the State Fair was not making crime statistics readily available and, instead, was requiring that the public (and news reporters) use a Public Records Request. Further, according to the above article, Defendant CRAFT was not helpful in releasing information concerning crimes committed at the Fair.

## CONSTRUCTIVE TERMINATION BY DEPARTMENT

28. As a result of the above, SERGEANT LOZADA alleges that, as of 09/20/2017, he was constructively terminated by FULTON EL CAMINO PARK POLICE DEPARTMENT because the above false accusations by MARCHESE and her willful intention to utilize her authority within the

-11-

SHERIFF'S DEPARTMENT to refuse to accept and approve SERGEANT LOZADA's application from the FULTON EL CAMINO PARK P.D.'S to acquire access to the SHERIFF'S DEPARTMENT Web-based KPF and CLETS System. Even after the verbal refusal to accept SERGEANT LOZADA's application (via FULTON EL CAMINO PARK P.D.), Plaintiff alleges that the SHERIFF'S DEPARTMENT failed to provide any basis for its denial, in addition to failing to articulate any other reasons for its position on SERGEANT LOZADA. As a direct result of the adverse action taken against SERGEANT LOZADA by SHERIFF'S DEPARTMENT and DEPARTMENT, including the fact that the FULTON EL CAMINO PARK P.D.'S belief that by having SERGEANT LOZADA on their roster would "cause an issue" between the two aforementioned departments, a hostile work environment had been created and working conditions had become intolerable.

## FIRST CAUSE OF ACTION FOR DAMAGES FOR
## DEPRIVATION OF CIVIL RIGHTS UNDER
## 42 U.S.C. SECTION 1983
### (Against Defendants DEPARTMENT, CRAFT, and MARCHESE)

29.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

30.     The conduct of Defendants deprived SERGEANT LOZADA of his rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, the right to free speech.

31.     By speaking out about the DEPARTMENT'S flawed procedures and the risks that were created to fellow officers and to the public, SERGEANT LOZADA was speaking out, as a private citizen, on matters of public concern and, thus, was engaged in protected speech.

32.     By openly accusing Plaintiff and his wife of dishonesty and by reassigning SERGEANT LOZADA to the Fair's main/front entrance (transforming SERGEANT LOZADA from a Supervisor of the Gang Suppression Unit, to someone serving "guard duty") and by "blackballing"

SERGEANT LOZADA, Defendants took adverse actions.

33.   Plaintiff alleges that SERGEANT LOZADA'S speech, as more fully set forth herein, was a substantial motivating factor behind MARCHESE'S public criticisms and his reassignment, as more fully set forth above.

34.   In performing these acts, Defendants acted under color of state law.  The acts of DEPARTMENT, CRAFT, and MARCHESE were the result of official policy, carried out and ratified by Command Staff.

35.   As a direct and proximate result of Defendants' conduct as alleged above, SERGEANT LOZADA has been damaged by loss of earnings and earning capacity, impairment of his ability to obtain employment within his profession, damage to his reputation, humiliation, fear, anxiety, torment, degradation and extreme emotional distress in an amount according to proof but not less than $5,000,000.

36.   Plaintiff SERGEANT LOZADA is entitled to his attorney's fees pursuant to 42 U.S.C. Section 1988.

37.   Plaintiff is informed and believes and thereon alleges that the above-described acts of Defendants depriving SERGEANT LOZADA of his constitutionally protected rights, privileges and immunities was done with evil motive or intent, or with reckless or callous indifference to SERGEANT LOZADA'S rights.  Accordingly, SERGEANT LOZADA seeks an award of punitive damages against the individual defendants in an amount according to proof.

**SECOND CAUSE OF ACTION FOR DAMAGES FOR**
**DISCRIMINATION (RACE)**

**(Against Defendants SACRAMENTO COUNTY SHERIFF'S**
**DEPARTMENT, DEPARTMENT, CRAFT, MARCHESE, BROWN, and**
**FULTON EL CAMINO PARK DISTRICT POLICE DEPARTMENT)**

38.   Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

-13-

39.     SERGEANT LOZADA alleges that, in addition to the adverse employment actions and constructive discharge alleged above, he was subjected to discrimination and disparate treatment based on his Filipino race/national origin in at least the following respect:

40.     While employed with the DEPARTMENT, SERGEANT LOZADA sought the position of Police Lieutenant.  As part of the application process, which involved approximately ten (10) other applicants, SERGEANT LOZADA sat for an initial interview.  Plaintiff alleges that, after the initial interview, he was ranked third (3rd) on the eligibility list.

41.     For the follow-up interview, the applicants were allotted a 30 to 45 minute interview with CHIEF CRAFT and SAMANTHA BROWN (Deputy General Manager/CAL EXPO).

42.     SERGEANT LOZADA alleges that he was the fourth person interviewed for the subsequent interview.  For SERGEANT LOZADA'S session, SAMANTHA BROWN arrived late and, then, stated that she had to be somewhere else that afternoon.  SAMANTHA BROWN claimed, "I can only afford you about 10 minutes for this Lieutenant Job Interview."

43.     Afterwards, SERGEANT LOZADA was not offered the Police Lieutenant position.

44.     SERGEANT LOZADA alleges that he was more qualified than similarly situated, white officers who sought the same position, yet he was denied a promotion.

45.     SERGEANT LOZADA alleges that he was discriminated against on the basis of race and national origin (Filipino) and that this was a substantial motivating reason for the adverse employment actions, failure to promote, and constructive termination alleged above.

46.     SERGEANT LOZADA alleges that he was harmed as a result, in an amount according to proof but not less than $5 million dollars.

/ / /

/ / /

-14-

## THIRD CAUSE OF ACTION FOR DAMAGES FOR
## DISCRIMINATION (AGE)

**(Against Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEPARTMENT, CRAFT, MARCHESE, BROWN, and FULTON EL CAMINO PARK DISTRICT POLICE DEPARTMENT)**

47.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

48.     SERGEANT LOZADA alleges that, in addition to the adverse employment actions and constructive discharge alleged above, he was subjected to discrimination and disparate treatment based on his age (54 years old).

49.     SERGEANT LOZADA alleges that he was discriminated against on the basis of his age and that this was a substantial motivating reason for the adverse employment actions, failure to promote, and constructive termination alleged above.

50.     SERGEANT LOZADA alleges that he was harmed as a result, in an amount according to proof but not less than $5 million dollars.

## FOURTH CAUSE OF ACTION FOR DAMAGES FOR
## RETALIATION

**(Against Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEPARTMENT, CRAFT, and MARCHESE)**

51.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

52.     SERGEANT LOZADA alleges that his criticisms about the failure to hire and promote non-white officers constituted protected activity under the Fair Employment and Housing Act [Cal. Gov. Code § 12940 (h)] and under Title VII of the Civil Rights Act of 1964, because SERGEANT LOZADA had opposed practices forbidden under FEHA and under Title VII.

53.     Plaintiff alleges that Defendants SACRAMENTO SHERIFF'S DEPARTMENT, DEPARTMENT, CRAFT, and MARCHESE

-15-

subjected Plaintiff to adverse employment actions, as more fully set forth above, which resulted in material changes to the terms of Plaintiff's employment, impaired Plaintiff's employment in a cognizable manner, and/or injured Plaintiff in his employment.

54.    Plaintiff alleges that Plaintiff's above complaints about the lack of diversity, failure to hire, and failure to promote diverse candidates were motivating reasons behind the adverse employment actions taken by Defendants, and each of them.

55.    Plaintiff was harmed.

56.    Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

57.    As a direct and proximate result of Defendants' conduct, Plaintiff SERGEANT LOZADA has sustained and will continue to suffer harm and damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages, include, but are not limited to:

    a.    Loss of salary and other valuable employment benefits;

    b.    Prejudgment interest and interest on the sum of damages at the legal rate; and

    c.    Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by Defendants' conduct.

58.    In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit, pursuant to California Government Code § 12965 (b).

## FIFTH CAUSE OF ACTION FOR DAMAGES FOR INTENTIONAL INTERFERENCE WITH CONTRACT
### (Against Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEPARTMENT, CRAFT, and MARCHESE)

59.    Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

60.     On or about July 10, 2017, Plaintiff SERGEANT LOZADA was hired by the FULTON EL CAMINO PARK POLICE DEPT.

61.     SERGEANT LOZADA alleges that Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEPARTMENT, CRAFT, and MARCHESE had knowledge of such contractual relationship.

62.     SERGEANT LOZADA alleges that the above Defendants intended to and did disrupt the performance of the above contract;

63.     As a result of Defendants' conduct, SERGEANT LOZADA alleges that his contractual relationship was terminated by FULTON EL CAMINO PARK POLICE DEPT., effective on or about September 20, 2017, at which time SERGEANT LOZADA confirmed of his forced resignation.

64.     Plaintiff alleges that he has been harmed and that Defendants' conduct was a substantial factor.

65.     As a direct and proximate result of Defendants' above intentional acts, Plaintiff has been damaged in an amount according to proof, but not less than $5 million dollars.

66.     Plaintiff is further informed and believes and thereon alleges that the above-described conduct by Defendants was done with malice and/or oppression and/or fraud in that its purpose was to damage Plaintiff SERGEANT LOZADA.  Thus, Plaintiff seeks an award of punitive damages in an amount according to proof.

## SIXTH CAUSE OF ACTION FOR DAMAGES FOR CONSTRUCTIVE TERMINATION

**(Against Defendants CHIEF BROWN and FULTON EL CAMINO PARK DISTRICT POLICE DEPARTMENT)**

67.     Plaintiff hereby adopts, incorporates, and reiterates all the preceding allegations of this complaint.

68.     Plaintiff SERGEANT LOZADA alleges that, at all material times, he was fully competent to perform the duties to which he was assigned.

69.     Plaintiff alleges that he was discriminated against, harassed, and that he was the victim of retaliation.  Further, Plaintiff alleges that Defendants intentionally created or knowingly permitted working conditions that were so intolerable that a reasonable person in Plaintiff's position would be compelled to resign.

70.     On September 20, 2017, and because of the above working conditions and for other reasons, Plaintiff's counsel served a letter upon CHIEF BROWN, which letter confirmed Plaintiff's "forced resignation."

71.     Plaintiff alleges that he was harmed and that the above working conditions were a substantial factor in causing Plaintiff's harm.

72.     Plaintiff alleges that his termination violated public policy, California common law, and Plaintiff's constitutional rights under the California Constitution, Article 1, section 8, which states that a person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

73.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue to suffer harm and damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages, include, but are not limited to:

a.     Loss of salary and other valuable employment benefits;

b.     Prejudgment interest and interest on the sum of damages at the legal rate; and

c.     Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by Defendants' conduct.

74.     In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit, pursuant to California Government Code § 12965 (b).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

-18-

1.      For compensatory damages (both special and general damages) according to proof, but not less than $10 million dollars;

2.      For past, present, and future wage losses and other benefits;

3.      For pain and suffering, as well as mental anguish damages;

4.      For punitive damages against the individual defendants in an amount according to proof;

5.      For attorney's fees pursuant to 42 U.S.C. Section 1988, California Government Code Section 800, California Code of Civil Procedure Section 1021.5 and as otherwise permitted under law;

6.      For prejudgment interest;

7.      For costs of suit incurred herein; and

8.      For such other and further relief as this court may deem just and proper.

DATED: May 2, 2018        LAW OFFICES OF PHILIP J. KAPLAN

By_____

Philip J. Kaplan
Attorney for Plaintiff
PAUL LOZADA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rules 38 and 81.

Dated: May __, 2018          LAW OFFICES OF PHILIP J. KAPLAN


PHILIP J. KAPLAN
Attorney for Plaintiff
PAUL LOZADA

-20-

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 13, 2017

PAUL LOZADA



RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 947344-306175
Right to Sue: LOZADA / Chief Robert Craft California Exposition And State Fair Police
Department

Dear PAUL LOZADA,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
13, 2017 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing