UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOZADA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-01102-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT BROWN AND FULTON EL CAMINO PARK DISTRICT POLICE DEPARTMENT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant Jim Brown's Motion to Dismiss. Mot., ECF No. 9. Defendant Brown and Defendant Fulton El Camino Park District Police Department (collectively, "Defendants") seek to dismiss the three claims Plaintiff Paul Lozada brought against them. Id. Lozada filed an opposition, Opp'n, ECF No. 10, to which Defendants replied, Reply, ECF No. 11. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendants' Motion to Dismiss.[1]

///
///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 20, 2018.

1

## I. BACKGROUND

The Fulton El Camino Park Police Department ("Fulton") hired Lozada in July 2017 to serve as a Police Officer until he completed the orientation and training to serve as a Police Lieutenant. About a week after he first reported to work, Lozada learned that his orientation process was on hold because his previous employer, the Sacramento County Sheriff's Department, was denying Lozada access to the California Law Enforcement Telecommunication System (CLETS). In late August, Brown assigned Lozada to report for administrative duties on September 1, 2017.

When Lozada reported for work that day, Brown informed him that the Sheriff's Department refused to accept Lozada's CLETS application and that Fulton's continued employment of Lozada would cause an issue. Brown requested that Lozada prepare a resignation letter.

## II. OPINION

A. <u>Defendants' Motion to Dismiss</u>

Lozada's Complaint asserts three claims against Defendants Brown and Fulton: (1) racial discrimination; (2) age discrimination; and (3) constructive termination. Compl. at 12-18. Defendants' request that the claims against them be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mem. to Mot., ECF No. 9-1, pp. 3-6. As Lozada has agreed to dismiss his race and age discrimination claims against the moving Defendants, the only remaining claim for the purpose of this motion is Lozada's constructive discrimination claim.

Lozada believes that this constructive discrimination claim is viable under the rubric of his first claim for Free Speech Retaliation. Opp'n at 1; Compl. at 12-13. He seeks leave to amend his Complaint to correct the deficiencies in the original pleading. See id.

The Complaint currently alleges constructive termination based on discrimination. Id. As currently pled, Lozada's sixth cause of action for constructive termination does not state a claim against Defendants Brown and Fulton. Accordingly, it must be dismissed pursuant to Rule 12(b)(6).

B. Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted).

Lozada seeks to amend either his first claim alleging a First Amendment violation or his sixth claim for constructive termination to allege that Defendants Brown and Fulton retaliated against him for statements made while he was working for his previous employer. See Opp'n at 6.

In the Ninth Circuit, First Amendment retaliation claims are analyzed under the five-factor inquiry described in Eng v. Cooley, 552 F.3d 1062 (9th Cir. 2009). To demonstrate First Amendment retaliation, Lozada must show that (1) he spoke on a

matter of public concern; (2) he spoke as a private citizen rather than a public employee; and (3) the relevant speech was a substantial or motivating factor in the adverse employment action. Barone v. City of Springfield, Oregon, 902 F.3d 1091, 1098 (9th Cir. 2018). Should he establish a prima facie case, the burden shifts to Defendants to demonstrate that (4) they had an adequate justification for treating him differently than other members of the general public; or (5) it would have taken the adverse employment action even absent the protected speech. Id. "[F]ailure to meet any [factor] is fatal to the plaintiff's case." Dahlia v. Rodriguez, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013) (en banc). The amendments Lozada currently proposes are insufficient to satisfy this standard; however, it is not clear that his Complaint could not be saved by amendment. Therefore, the Court will grant Lozada leave to amend his claim against Defendants Brown and/or Fulton.

## III.  ORDER

For the reasons set forth above, the Court GRANTS WITHOUT PREJUDICE Defendants' Motion to Dismiss Plaintiff's Complaint as to Defendants Brown and Fulton El Camino Park Police Department. If Plaintiff amends his complaint, he shall file an Amended Complaint within twenty (20) days of this Order. Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: December 4, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE